**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA K. HALL, | ) | CASE NO. 5:10CV1556 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| REPUBLIC STORAGE SYSTEMS, LLC, | ) | **ORDER OF DISMISSAL** |
| | ) | **WITHOUT PREJUDICE** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

On July 14, 2010, plaintiff Patricia K. Hall, represented by counsel, filed the above-captioned action. (Doc. No. 1.) No activity occurred in the case until December 5, 2010, when plaintiff's counsel sought leave to withdraw his representation of plaintiff on the ground that he had been diagnosed with a serious illness. (*See* Doc. No. 4.) The Court issued an Order on December 6, 2010, indicating that it was inclined to grant the motion to withdraw but first needed assurances from counsel that he had successfully notified his client of his need to withdraw. (*See* Doc. No. 5.)

On January 1, 2011, there being no response from counsel regarding the Court's directive, the Court's law clerk telephoned counsel's office and left a voicemail message. On January 6, 2011, having received no response to the message, the Court issued an Order granting the motion to withdraw as counsel and granting leave until February 4, 2011 for plaintiff to obtain new counsel and for such counsel to make an appearance. The Order indicated that,

should no new counsel make a timely appearance, the Court would dismiss the case without prejudice on February 7, 2011. (*See* Doc. No. 6.) A copy of the Order was mailed to Ms. Hall.[1]

On February 4, 2011, Ms. Hall filed a hand-written motion for appointment of counsel. (*See* Doc. No. 7.) Therein she indicated that she was having trouble contacting her former attorney to obtain her file containing all the documents she needs to prosecute her case. The Court denied the motion for appointment of counsel finding that the case is not complex and that plaintiff had failed to show that she is unable to afford counsel. Recognizing, however, that immediate dismissal under the terms of the January 6, 2011 Order might work a hardship on plaintiff due to the time limits in Title VII, the Court extended the time for plaintiff to obtain new counsel until March 14, 2011 and indicated that, absent a timely appearance by new counsel, the case would be dismissed on March 17, 2011. Also noting that the Complaint had not yet been served although the 120-day period for service had expired, the Court *sua sponte* extended the time for service of process to April 29, 2011, and indicated that such extension would not apply if new counsel did not appear. (*See* Doc. No. 8.) A copy of this Order was mailed to Ms. Hall.

Although issuing the above Order, the Court was also sympathetic to Ms. Hall's assertions that she had been unable to obtain her case file from her former attorney, whom the Court knew to be gravely ill. Therefore, the Court contacted the Columbus Bar Association (CBA) to seek its assistance it obtaining Ms. Hall's file from her former counsel and transferring it to Ms. Hall. The CBA graciously agreed to assist and did succeed in obtaining Ms. Hall's file. However, when the CBA then communicated with Ms. Hall to ascertain a method to transfer her file to her, Ms. Hall was uncooperative.

---

[1] After this Order issued, on January 10, 2011, plaintiff's former counsel telephoned the Court to indicate that he had indeed informed his former client as to his need to withdraw his representation.

Accordingly, in view of the above procedural history and the fact that process has not yet been served upon the defendant, the Court hereby **DISMISSES** this action without prejudice.

**IT IS SO ORDERED**.

Dated: March 18, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**